# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

David Dillard

    Plaintiff

v.

Experian Information Solutions, Inc.,

    Defendant

Civil Action No.

4:20-cv-00157-RWS-CAN

Amended Complaint

And

Demand for Jury Trial

## AMENDED COMPLAINT

NOW COMES Plaintiff, David Dillard**,** (hereafter the "Plaintiff") by and through undersigned Counsel, whom through this amended complaint against the Defendant alleges the following:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act)

1

## JURISIDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p), and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because plaintiff in this matter resides in the state of Texas as defined under 28 U.S.C. §1391.

## PARTIES

4. Plaintiff is a natural person and citizen of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

5. Defendant EXPERIAN INFORMATION SOLUTIONS, INC, (hereafter EXPERIAN) is a foreign For-Profit Corporation registered to do business and doing business in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. Defendant is currently doing business in Texas and has a corporate office in Allen, Texas.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7. VERIZON attempted to collect an alleged debt from Plaintiff, identified by Account # 4229.

8. Experian is a consumer reporting agency. Experian assembles, evaluates, and disburses information concerning consumers for the purpose of furnishing consumer

reports. In addition, when Experian maintains credit information to be reported/published, the information is used in determining credit scores.

9. VERIZON instructed Experian to maintain, publish and report Plaintiff's alleged debt, identified by the Account # 4229.

10. Plaintiff disputed the VERIZON account directly with Experian with a detailed dispute letter dated 12/08/2017, as required by the FRCA. After Experian received Plaintiff's dispute, they communicated the dispute with VERIZON. When VERIZON communicated the results of their "investigation" to Experian, they re-aged the account by modifying "account history," and Experian allowed VERIZON to re-age the account. After VERIZON modified the account history, Plaintiff's account history no longer displayed a full and accurate history of plaintiff's account. The correct reporting is to report the account's entire history to show its correct age and to allow it to age properly for purposes of accurate credit scores.

11. After Experian's "investigation" of Plaintiff's dispute, Plaintiff discovered that the VERIZON "First Reported" and "Date of Status" dates were re-aged.

12. Plaintiff's VERIZON "First Reported" and "Date of Status" dates were re-aged. Plaintiff's VERIZON "First Reported" date was changed from 05/2017 to 12/2017. Likewise, Plaintiff's "Date of Status" date was changed from 05/2017 to 01/2018.

13. By removing account history, VERIZON is causing Experian's "First Reported" and "Date of Status" dates to re-age to a fresh and new date, causing damage. Since the account history is modified, it converts the older delinquency into a much newer delinquency. The more recent the delinquency, the more it negatively effects credit ratings and scores. FICO credit scores are used in 90% of all credit decisions. As per FICO, the

more recent the delinquency, the more it damages credit scores. Experian even uses FICO model 8.

14. VERIZON re-aged their accounts each time that they conducted an "investigation" into a consumer dispute, and Experian allowed them to re-age the account. VERIZON and EXPERIAN penalized Plaintiff for exercising a statutory right to dispute inaccurate information.

15. EXPERIAN did not provide a good faith investigation into Plaintiff's dispute.

16. Experian did not follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit data.

17. EXPERIAN is allowing VERIZON to remove account history, causing Experian's "Date of Status" date, as well as, the "First Reported" date to be re-aged. The information that Experian is allowing is both inaccurate and misleading.

18. VERIZON is providing credit information that they know or should know is inaccurate and misleading.

19. VERIZON removed their account history, and EXPERIAN allowed VERIZON to delete history/information that would re-age the "First Reported" date, converting older delinquencies into newer delinquencies. There is only one "First Reported" date, and that should never change. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First Reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date).; *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date

that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor).

20. The Date of Status date should be the day the debt was deemed uncollectable. VERIZON deleted their account history, and EXPERIAN allowed VERIZON to delete history/information that would re-age the "Date of Status" date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013) ("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's EXPERIAN credit report could reasonably interpret the "Date of Status" entry to mean exactly that")

21. Re-aging accounts by changing the Date of Status date is misleading. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013) ("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

22. EXPERIAN should have discovered the misleading information if they would have provided a good faith reasonable investigation. It has already been determined that Experian does not conduct reasonable investigations into the re-aging of the "First Reported" and "Date of Status" dates. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013) (Toliver's EXPERIAN credit reports contained a "Date of Status" that a reasonable jury could find misleading, and EXPERIAN "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.' " *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

23. These accounts are not only inaccurate but also misleading, which the Fifth Circuit has addressed. The Fifth Circuit ruled that even a technical accuracy can be so

misleading to the point that it is no longer accurate, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988), a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely affect credit decisions."

24. The reporting of this credit information on Plaintiff's credit reports negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. This information was furnished by VERIZON and reported by EXPERIAN, misrepresenting the account history and/or status of Plaintiff's account, and is currently being reported and is reflected on Plaintiff's credit reports, resulting in lowering Plaintiff's credit score and furthering Plaintiff's damages.

25. Plaintiff's credit reports and file have been obtained and have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit. The inaccurate information furnished by VERIZON, and reported by EXPERIAN, is continuing to damage the Plaintiff's credit rating.

26. As a result of conduct of EXPERIAN, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

27. As a result of the conduct of Experian Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

28. At all times pertinent hereto, Experian was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

29. At all times pertinent hereto, the conduct of Experian, as well as, that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## **CAUSES OF ACTION**

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. All causes of action were causes of the damages which Plaintiff suffered.

### **Count I: Fair Credit Reporting Act**

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. This suit is brought against the Defendant as the damages made the basis of this suit were caused by their violation of the FCRA. In all instances of violating the FCRA, Defendant did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorney's fees.

15 U.S.C. §1681n, "**Civil Liability for Willful Noncompliance**" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
>
>> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
>>
>> (2) such amount of punitive damages as the court may allow; and
>>
>> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

And, 15 U.S.C. §1681o, "**Civil Liability for Negligent Noncompliance**" reads:

(a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### *Experian's FCRA violations*

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. EXPERIAN violated its duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute.

36. Plaintiff disputed information regarding the re-aging of the VERIZON account. However, EXPERIAN did not provide a reasonable investigation into the disputed account as required by the Fair Credit Reporting Act.

37. The Plaintiff obtained a new credit report/disclosure on 01/24/2018 displaying the results of their dispute of the VERIZON account.

38. On 01/24/2018, Plaintiff discovered that the "Date of Status" and the "First Reported" dates were re-aged. The changes for the Plaintiff were as follows:

Plaintiff's VERIZON account:

A) Date of Status Changed from 05/2017 to 01/2018;
B) First Reported Changed from 05/2017 to 12/2017.

39. Experian allowed VERIZON to re-age the account, just because Plaintiff exercised a statutory right to dispute the accuracy of the account.

40. VERIZON is and Experian is allowing VERIZON to re-age Plaintiff's accounts by erasing account history. The account history is used to determine the age of an account. Because the account history starts all over, it converts the older delinquencies into much newer and more recent delinquencies.

41. If EXPERIAN would have conducted a reasonable and good faith investigation, they should have determined that VERIZON was erasing account history, causing Experian's "Date of Status" date, as well as, the "First Reported" date to be re-aged to a newer date.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(A) reads:

a) Reinvestigations in case disputed information

(1) Reinvestigation required

(A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

15 U.S.C. §1681i(a)(5) reads:

(5) Treatment of Inaccurate or Unverifiable Information

(A) *In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

      (i)      promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

      (ii)      promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

42. Experian violated 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Experian would have followed reasonable procedures to assure maximum accuracy, Experian would not have allowed VERIZON to re-age their accounts.

43. VERIZON is, and Experian is allowing VERIZON to re-age Plaintiff's accounts by erasing account history. Since the account history starts all over, it converts the older delinquency into a much newer and more recent delinquency.

44. EXPERIAN is allowing VERIZON to erase their account history, causing Experian's "Date of Status" date, as well as, the "First Reported" date to be re-aged to a newer date.

Section 15 U.S.C. §1681e(b) reads:

(b) Accuracy of the Report

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom The report relates

45. VERIZON is erasing their account history and is causing Experian's "First Reported and Date of Status" dates to re-age to a more recent and newer date, causing

damage. The more recent the delinquency, the more it negatively effects credit ratings and scores.

46. By re-aging and manipulating of the account history older delinquencies to report and reflect more current and newer delinquencies, VERIZON and Experian artificially lowered Plaintiff's credit scores more than if the account was being reported accurately. In addition, Potential lenders look at how recent delinquencies are on a credit report when evaluating loan risks, the more recent the delinquency the higher the financial risk. The re-aging of the account makes the older accounts look new again and thus at a higher risk for default.

47. The conduct of Experian was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as such other relief, permitted by law.

48. As a result of Experian's conduct, Plaintiff has suffered emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

49. As a result of Experian's conduct, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

50. At all times pertinent hereto, Experian was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

51. At all times pertinent hereto, the conduct of Experian as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## DEMAND FOR JURY TRIAL

52. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant EXPERIAN based on the following requested relief:

(a) Actual damages pursuant to 15 U.S.C. §1681

(b) Statutory damages pursuant to 15 U.S.C. §1681

(c) Punitive damages pursuant to 15 U.S.C. §1681

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o

(e) Such other and further relief as may be necessary, just and proper.

Dated: April 6, 2020

Respectfully submitted,

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
jonathan@geauxlaw.com
Telephone: 225-412-2777

/s/ Dennis McCarty
Dennis McCarty

ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Federal Bar No. 993800
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
dennismccartylaw@gmail.com
Telephone: 817-704-3375
Fax (817) 887-5069

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys on record:

Date Signed: April 6, 2020

/s/ Jonathan Raburn
Jonathan Raburn
Attorney for Plaintiff